Luis Robles, etc., Plaintiff and Appellee, *v.* Ferretería Merino, Inc., Defendant and Appellant.

No. 9017. Argued March 7, 1945.—Decided March 28, 1945.

---

*Miranda & Miranda Esteve* for appellant. *Francis & Pérez Almiroty* for appellee.

M R. C HIEF J USTICE T RAVIESO delivered the opinion of the court.

On February 17, 1941, the plaintiff, Carmen Ana Ramos de Robles, while standing on a sidewalk with a child in her arms, was struck and run down by a motor truck (*guagua*). It is alleged in the complaint that at the time of the accident, the truck was being driven by Rufino Burgos Ortiz, an employee of the defendant, in the course and performance of his functions as such employee; that said employee was not licensed to operate motor vehicles; and that the vehicle was driven at an excessive speed, without sounding any warning or signal apparatus whatsoever and without taking the proper precautions to insure the safety of persons and property. The plaintiff claimed damages in the sum of $25,000.

The defendant corporation in its answer specifically denied the essential averments of the complaint and set up, by way of special defense, that shortly before the accident it employed Julio Santiago as a chauffeur of the truck "subject to the warning and condition that it was to be driven exclusively by him for the purpose of delivering merchandise, and specifically prohibited him from allowing any other person to drive said vehicle or use it for any purpose other than the delivery of merchandise to the customers of the defendant"; that on the day of the accident, the chauffeur Julio Santiago went out accompanied by Rufino Burgos Ortiz, a helper employed exclusively for collecting and deliv-

ering the parcels; and that should it be true that said helper was driving the truck at the time of the accident, he did so outside the course of his employment and against the express orders of the defendant. The defendant further alleged that the proximate cause of the accident was the contributory negligence of the plaintiff, who, notwithstanding the warning given to her by the sounding of a horn, attempted to cross the street and stepped down from the sidewalk so suddenly that the truck could not be stopped in time to avoid the injury.

The District Court of San Juan, before which the case was tried, adjudged. the defendant to pay to the plaintiff the sum of $3,500, together with costs and $200 as atorney's fees. Thereupon the defendant appealed.

In support of its appeal, it has assigned six errors, claimed to have been committed by the trial court. The first three assignments relate to the weighing of the evidence and the remaining three, to the judgment and to the amount of the award granted to the plaintiff.

■■ The appellant maintains that the lower court erred in holding that the answer of the defendant contained negative pregnants which were equivalent to an admission of the allegations of the complaint; in holding that the truck causing the injury was owned by the defendant; and in finding that Rufino Burgos Ortiz was the person who drove the truck involved in the accident.

Let us first examine the evidence.

The first witness for the plaintiff was Dr. Arsenio Comas, who treated the plaintiff after the accident. He described in detail the injuries sustained by the plaintiff which consisted of the fracture of the lower third of the right femur and the lower thirds of the tibia and the fibula in her left leg. He stated that the injuries received by the plaintiff were very painful; that she was confined in the hospital for two months and that six of seven months after the ac-

cident she still had to walk on crutches; that the patient suffered pain in her left leg for at least four months; and that afterwards it was necessary to take her again to the hospital in order to be treated for a fistula which had formed in the leg and through which a piece of bone protruded.

Mrs. Candelaria González was another witness. She knew the plaintiff by sight. She saw the plaintiff standing on the sidewalk in front of her house, talking with Luisa Pantoja. The latter stood inside the fence and the plaintiff was outside, holding a small child in her arms. The truck appeared suddenly and struck her and ran her down, dragging her to a place very near the gate of the witness's house. After the truck struck the plaintiff, it stood upon the sidewalk. The witness stated that what she called "the sidewalk" was the space lying between the fence of the house and the gutter on the side of the street, which space is on a higher level than the street but has not been paved with concrete.

Mrs. Luisa Acosta widow of Pantoja testified that at the time of the accident she stood behind the fence which lies in front of the house of Candelaria González, and had been talking for sometime with Ana Ramos, the plaintiff, who had a small child in her arms. She did not hear any horn or signal whatsoever. Suddenly the truck appeared and struck Ana Ramos who at that time was standing on the sidewalk. "The truck mounted the sidewalk and struck her right there." Ana stood with her back to the street, close to the fence, and talking with the witness. The latter had no further knowledge of the matter because when she saw what had happened and heard the shouts of the people, she lost consciousness and was confined in bed for two days.

Félix Martell testified that he was working near the place of the accident. Upon hearing some shouts he ran towards the place and found the plaintiff underneath a truck with her body lying partly on the curb which separates the street from the sidewalk and partly beyond the curb. The truck

stood with its two right wheels above the curb, that is, on the sidewalk, and its remaining two wheels on the curb, outside, almost on the street; that he knew that the truck belonged to Ferreteria Merino because there was a sign on it with the legend: "Ferreteria Merino." When he saw the truck there was no one seating in the driver's seat. The witness picked up the plaintiff and carried her to the hospital.

José Ramón Ubarri testified that on the day of the accident he saw the plaintiff standing in front of the witness's house, on the sidewalk, near the fence. She stood between the curb and the fence. He saw a truck coming down Street 15 and suddenly the truck came up and struck her while she was on the sidewalk. The truck stopped on the sidewalk. The truck bore a sign reading thus: "Ferreteria Merino." He did not notice who was driving the truck but he saw a person alight from the left side of the truck. The witness seized this individual twice but the latter escaped from witness's hold and fled. Then another boy who was in the vehicle came out and asked the witness to watch the truck as he was going to get a policeman. That he did not know the one who fled but he saw him after the accident and knew that he was Rufino Burgos Ortiz.

The parties stipulated that the plaintiff would testify similarly as the other witnesses. There was admitted in evidence a certificate of the Commissioner of the Interior setting forth that Burgos was not licensed to operate motor vehicles, and this concluded the evidence for the plaintiff.

The defendant stated that it would not introduce any evidence and that it would rely solely on the fact that "it has not been proved that any employee of Ferreteria Merino drove that truck, nor the amount of the damages."

Did the lower court err in holding that the truck which caused the accident was owned by the defendant and that it was driven at the time by one of the defendant's employees?

We think not. The defendant admitted in its answer that it was the owner of a truck which it used for delivering merchandise to its customers; and that on the day of the occurrence, the chauffeur Julio Santiago and the helper Rufino Burgos Ortiz, both employees of the defendant, left on the truck from the establishment of the defendant in San Juan to deliver merchandise in Santurce. It was shown by the evidence that the truck which struck the plaintiff bore on its side the name of the defendant; that Rufino Burgos Ortiz, the very employee of the defendant who had gone out on the truck of the defendant with the latter's consent, in order to deliver merchandise, was seen to alight from the left side of the truck immediately after the accident occurred. The defendant alleged that Burgos at the time of the accident was not acting as an employee of the defendant; but it made no effort to prove such allegation. The plaintiff was not bound to prove that the truck, which belonged to a commercial concern, was being driven at the time of the accident by an employee of the concern in the performance of his duties as such employee. The presumption is that the employees who took out the truck and were in it when the accident occurred were acting as such employees. See *Ramos et al.* v. *López,* 36 P.R.R. 451; *Sánchez* v. *Asiatic Petroleum Co.,* 40 P.R.R. 98; *Acha* v. *Nevares,* 59 P.R.R. 235; *Lotti* v. *The Charles McCormick Lumber Co.,* 51 P.R.R. 323, and *Morales* v. *Delia Mejías, Inc.,* decided on May 31, 1944, 63 P.R.R. 672.

In our judgment, the evidence is sufficient to establish the essential averments of the complaint.

The appellant objects to the amount of the award granted by the lower court. In view of the importance of the injuries sustained by the plaintiff, and regard being had for the time during which she was under treatment and the intense pain and suffering experienced by the patient, we think that an award of $3,500 is reasonable.

The judgment appealed from will be affirmed.